IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAMISHA TERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 09-464 (GMS) |
| ) | |
| DELAWARE STATE UNIVERSITY, ) | |
| and RON WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

**I.   INTRODUCTION**

On June 25, 2009, the plaintiff, Camisha Terrell ("Terrell"), filed this lawsuit against Delaware State University ("DSU") and the director of Residential Life and Judicial Affairs at DSU, Ron Williams ("Williams") (collectively, the "defendants"). (D.I. 1.) In her complaint, Terrell seeks compensatory, punitive, and injunctive relief in connection with alleged unlawful sex discrimination under Title IX, violations of her due process rights under 42 U.S.C. §1983, and abuse of process under Delaware state law. (Id.) Presently before the court is the defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 3.) For the reasons stated below, the court will grant in part and deny in part the defendants' motion to dismiss the complaint.

**II.  BACKGROUND**

The court takes the following facts from Terrell's complaint. Terrell, a Maryland resident, was a student at DSU. (D.I. 1 ¶¶ 1, 4.) Terrell alleges that, on October 25, 2007, a male DSU student assaulted and beat her, because she refused to have sex with him. (Id. ¶¶ 5-6.) Terrell reported the incident to the campus police, who took statements from both students. As a result of

the assault, Terrell suffered injuries and was hospitalized. (Id. ¶¶ 7, 9, 17.) After the incident, DSU permitted the male student who allegedly assaulted Terrell to continue attending classes at DSU. (Id. ¶ 10.) Terrell complained to Williams about the male student's presence on campus and the fact that he was permitted to attend the same classes with her. (Id. ¶¶ 19, 20.) In response, Williams informed Terrell that she should change her class schedule and transfer out of any classes that she had in common to the male student. (Id. ¶ 20.)

Terrell avers that she missed an entire semester of college, because she feared the male assailant's presence on campus. (Id. ¶ 24.) According to Terrell, she also missed school because of the defendants' lack of action concerning her assault. (Id.) More specifically, on October 31, 2008, Terrell received a letter from DSU stating that she was charged with several violations of the student code, including assault and battery. (Id. ¶ 11.) Terrell avers that the charges were partially motivated by DSU's attempt to silence her complaints "for fear that DSU would suffer bad publicity from the incident." (Id. ¶ 23.) In addition, Terrell alleges that she "was punished equally with her male assailant[,]" despite the fact that she was the victim. (Id. ¶¶ 17, 27.) According to Terrell, DSU placed her on administrative leave without appropriate notice and an opportunity to file a grievance. (Id. ¶ 33.) Finally, Terrell alleges that she was found in violation of the charges, even though the defendants did not allow her to present her side of the story or provide her with a judicial hearing on the charges. (Id. ¶ 21.)

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). In deciding a Rule 12(b)(6) motion, the court accepts all factual allegations in the complaint as true and draws all

reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint does not need detailed factual allegations, but it must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The assumption of truth does not apply, however, to legal conclusions couched as factual allegations, or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotations omitted).

## IV. DISCUSSION

### A. Title IX Claims

#### 1. Institutional Liability

The defendants first contend that the court should dismiss Terrell's Title IX claim against DSU for failure to state a claim. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a). The Supreme Court has established a private right of action for student-on-student sexual harassment against schools under Title IX. *Davis v. Monroe County Bd. of Educ.*, 526 U.S.

629, 633 (1999). The private right of action only lies, however, where the school is deliberately indifferent to known acts of sexual harassment "that is so severe, pervasive, and objectively offensive that it can be said to deprive the victim[] of access to the education opportunities or benefits provided by the school." *Id.* at 650. Deliberate indifference to acts of peer sexual harassment arises where the school's response or lack of response to the harassment is clearly unreasonable in light of the known circumstances. *Id.* at 648. A Title IX plaintiff can establish liability by "showing that a single school administrator with authority to take corrective action responded to harassment with deliberate indifference." *Fitzgerald v. Barnstable Sch. Comm.*, --- U.S. ---,---,129 S. Ct. 788, 797 (2009) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)). To establish deliberate indifference, a plaintiff must show that the school made an official decision not to remedy the sexual harassment. *Gebser*, 524 U.S. at 290.

Here, Terrell's complaint alleges that a male student assaulted and beat her on the DSU campus. Terrell reported the incident to the campus police, who took statements from both students. Terrell suffered injuries and was hospitalized as a result of the assault. Upon returning to campus, Terrell discovered that DSU permitted the male student who assaulted her to continue attending classes at DSU without restriction. Terrell alleges that the male student's presence on campus created a hostile environment for her. Terrell complained to Williams about the male student's presence in her classes, and Williams "informed [her] that she would be required to adjust her schedule and transfer out of the class." (D.I. 1 ¶ 20.) In addition, Terrell alleges that the defendants "punished [her] equally with her male assailant," and that the defendants initiated the disciplinary proceedings against her "to silence [her] . . . for fear that DSU would suffer bad publicity from the incident." (Id. ¶¶ 23, 27.) Terrell contends that she missed an entire semester from school, because

of her fear of the alleged male assailant's presence on campus, along with the defendants' lack of action concerning her assault. Given the foregoing, the court is satisfied that Terrell's complaint adequately pleads a cause of action under Title IX against DSU, and will deny the defendants' motion to dismiss on this ground.

2. Individual Liability

The defendants next argue that the court should dismiss Terrell's Title IX claim against Williams based on his individual capacity.[1] "Title IX reaches institutions and programs that receive federal funds, 20 U.S.C. § 1681(a), which may include nonpublic institutions, § 1681(c), but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals[.]" *Fitzgerald*, 129 S. Ct. at 796. Here, Terrell has attempted to hold Williams liable for his alleged actions under Title IX. There is no individual liability under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a). *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Therefore, Williams cannot be liable under Title IX, and the court will dismiss Terrell's claim against him.

**B.    42 U.S.C. § 1983 Claims**

1. Official Liability

The defendants have moved to dismiss the plaintiff's claims on the basis that they are immune from federal claims pursuant to the Eleventh Amendment. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the relief

---

[1] Terrell apparently concedes this point, because her answering brief presents no argument on the issue.

sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This immunity likewise extends to protecting state officials acting in their official capacities from suit. *See Hurd v. Delaware State Univ.*, C.A. No. 07-117-MPT, 2008 WL 4369983, at *3 n.16 (D. Del. Sept. 25, 2008); *McKay v. Delaware State Univ.*, No. CIV.A. 99-219-SLR, 2000 WL 1481018, at *10-11 (D. Del. Sep. 29, 2000) (noting that "the Eleventh Amendment bars Section 1983 claims against state entities and state officials sued in their official capacities"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (articulating that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and, therefore, "is no different from a suit against the State itself"). The State has not waived its immunity from suit in federal court and, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of § 1983. *Brooks-McCollum v. Delaware*, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted) (not reported).

Here, the defendants correctly assert that DSU is protected from suit pursuant to the Eleventh Amendment. In *McKay v. Delaware State University*, the court held that DSU is a "state institution" and an "instrumentality of the State of Delaware for Eleventh Amendment purposes." *McKay*, 2000 WL 1481018, at *10 n.28 (identifying DSU as a "corporation created and funded by the Delaware General Assembly, whose Board of Trustees is appointed by and includes the Governor"); *see also Carter v. Delaware State Univ.*, 65 Fed. Appx. 397, 398 (3d Cir. 2003) (not reported) (noting that the plaintiff "concede[d] that the Eleventh Amendment prevents her from suing DSU" for violations of section 1983); *Hurd*, 2008 WL 4369983, at *3 n.16 (holding that plaintiff's suit against DSU fails as a matter of law because it is barred by the Eleventh Amendment); *Chapman v. Trs. of Del. State Coll.*, 101 F. Supp. 441, 444 (D. Del. 1951) (dismissing complaint because "a Federal Court should

not interfere with The Trustees of Delaware State College, a state agency, which is a body corporate of the State of Delaware"). Moreover, DSU's Eleventh Amendment immunity cannot be overcome on a respondeat superior theory because § 1983 bars the imposition of supervisory liability on a government defendant. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2007) (noting that an "[individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior"). Consequently, DSU cannot be subject to liability based on the plaintiff's § 1983 claims.

Likewise, the defendants correctly assert that Williams is immune from suit in his official capacity. (D.I. 7 at 6.) As established by the court in *McKay*, Williams is shielded from liability in his official capacity pursuant to the Eleventh Amendment. *See McKay*, 2000 WL 1481018, at *10-11 (D. Del. Sep. 29, 2000) (articulating that Eleventh Amendment immunity "bars § 1983 claims against . . . state officials sued in their official capacities"). Given the foregoing, the court will grant the defendants' motion to dismiss with respect to the plaintiff's section 1983 claims against DSU and Williams in his official capacity.

> 2.    Individual Capacity Claims Against Williams
>
> a.    Procedural Due Process

The defendants next argue that the court should dismiss Terrell's procedural due process claim against Williams in his individual capacity. More specifically, the defendants contend that they provided Terrell written notice of the charges against her and she, therefore, fails to state a *prima facie* procedural due process claim. The Fourteenth Amendment Due Process Clause applies to student disciplinary proceedings at public institutions. *Goss v. Lopez*, 419 U.S. 565, 574 (1975); *Murakowski v. Univ. of Delaware*, 575 F. Supp. 2d 571 (D. Del. 2008). It is well-established that

the fundamental requirements of this right are (1) notice; and (2) an opportunity to be heard. *Goss*, 419 U.S. at 579. Depending on the particular circumstances, courts have required written notice to inform the accused of the charges and to provide the accused with information about the policies or regulations that the accused allegedly has violated, the possible penalties, and the evidence that may be presented against her. *See e.g., Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 638 (6th Cir. 2005); *Dixon v. Alabama State Bd. of Educ.*, 294 F.2d 150, 158 (5th Cir. 1961). This court has recognized that "'due process is satisfied if the accused is provided with the opportunity to respond, explain and defend himself or herself.'" *Paoli v. Delaware*, C.A. No. 06-462-GMS, 2009 WL 2753302, at *2 (D. Del. Aug. 27, 2009) (quoting *Marsh v. Delaware State Univ.*, C.A. No. 05-00087JJF, 2006 WL 141680, at *3 (D. Del. Jan.19, 2006)).

In the present case, Terrell acknowledges having received a letter from the defendants stating that she was being charged with several violations of the student code, including assault and battery. Terrell contends, however, that she never received notice of the hearing. Indeed, her complaint indicates that "she was found in violation of the charges, despite the fact that she was never allowed or given the opportunity to have a judicial hearing on the charges. . . ." (Id. ¶ 21.) Assuming the veracity of Terrell's allegations and drawing all reasonable inferences therefrom, the court determines that they plausibly give rise to a claim for a procedural due process violation.[2] Thus, the

---

[2] The defendants argue that Terrell's complaint fails to state a *prima facie* procedural due process claim, because Terrell received notice of the disciplinary hearing and she had an opportunity to be heard. In support of their position, the defendants state that they sent two certified letters to Terrell to notify her of the hearings. The defendants filed an appendix to their motion to dismiss, which includes postal records indicating that Terrell did not claim the first letter, but did claim the second letter. The court finds that there are factual issues as to whether Terrell received the letter notifying her of the hearing that are suitable for argument at the summary judgment stage of the case and not the motion to dismiss stage. Further, in deciding

8

court will deny the defendants' motion to dismiss on this ground.

        b.      Substantive Due Process

The defendants next argue that they afforded Terrell sufficient substantive due process with respect to her violations of DSU's policies and the court should, therefore, dismiss her claim against Williams. The substantive due process protection of the Fourteenth Amendment prohibits those acting under color of state law from taking away a person's property interest for reasons that are "arbitrary, irrational, or tainted by improper motive, or by means of government conduct so egregious that it shocks the conscience[.]"[3] *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000) (internal quotations and citations omitted). The Supreme Court has held that actions "under color of law" are equivalent to "state action" under the Fourteenth Amendment. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

To prevail on substantive due process claim, "a plaintiff must establish as a threshold matter that [s]he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Nicholas*, 227 F.3d 133 at 140 (internal quotation and citation omitted). The property interest must be one that is considered fundamental under the United States Constitution.

---

motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997). Accordingly, the court will not consider the defendants' appendix at this stage of the proceedings.

[3] Terrell does not allege or argue that Williams' conduct was so egregious that it shocks the conscience. Indeed, her answering brief does not even address her substantive due process claim against Williams. For purposes of this memorandum, however, the court assumes that Terrell's alleged substantive due process claim against Williams is based on an arbitrary or irrational deprivation of her property interest.

9

*Id.* (citations omitted). In several decisions, the Supreme Court has merely assumed, without deciding, the existence of such a constitutionally protected property or liberty interest right in continued enrollment at schools of higher education. *See, e.g., Regents of the Univ. of Mich. v. Ewing*, 474 U.S. 214, 223 (1985) (assuming the existence of a constitutionally protected property right in continued enrollment); *Bd. of Curators of the Univ. of Missouri v. Horowitz*, 435 U.S. 78, 91-92 (1978) (assuming the existence of a liberty or property interest in the pursuit of a medical degree, in order to decide whether the respondent had been afforded due process). Delaware courts have not yet decided whether a post-secondary student has a property or liberty interest in the continuation of her education. At this stage of the proceedings, however, the court will assume the existence of such an interest in Terrell's pursuit of a college degree from DSU to determine whether she has sufficiently stated a claim for a violation of her substantive due process rights.

Here, Terrell alleges that Williams initiated charges against her for assault and battery, even though she was the victim. She further alleges that, after she complained to Williams, he stated that he had the final say in how DSU students are reprimanded. Finally, Terrell alleges that she "has been informed that she was found in violation of the charges" levied against her. Terrell's complaint, however, fails to allege any affirmative action or punishment she received from Williams that was arbitrary and capricious or lacked a rational basis to a legitimate state purpose.[4] As such, the court

---

[4] To the extent that Terrell is attempting to allege that Williams' action in permitting the male student to continue to attend classes in which she also was enrolled is arbitrary or irrational, the court disagrees. The No-Contact Order issued by the Justice of the Peace Court of the State of Delaware, of which the court takes judicial notice, sets forth the contours of the male student's no-contact provisions. (See D.I. 4-1 at A20.). That order clearly states that the male student has one class with Terrell and makes an exception to the no-contact provisions to allow him to attend that class. (Id.) Williams' actions in permitting the male student to continue to attend class with Terrell comport with the No-Contact Order. In other words, they are not Williams' individual

concludes that Terrell has failed to state a substantive due process claim and will grant the defendants' motion to dismiss her claim against Williams on this ground.

### D. Abuse of Process

Finally, the defendants argue that the court should dismiss Terrell's abuse of process claim for failure to state a claim. More specifically, the defendants assert that DSU did nothing more than begin a disciplinary process against Terrell that is applicable to all DSU students. Under Delaware law, a claim for abuse of process requires allegations of the following elements: (1) an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceedings. *Nix v. Sawyer*, 466 A.2d 407, 412 (Del. Super. Ct. 1983) (citations omitted). "Assessment of abuse of process involves investigation into and interpretation of the intent of the persons invoking the process. Such issues are difficult to resolve prior to discovery." *STMicroelectronics N.V. v. Agere Sys., Inc.*, No. 08C-09-099, 2009 WL 1444405, at *4 (Del. Super. May 19, 2009). Nonetheless, an abuse of process claim must allege:

> some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process . . . . Merely carrying out the process to its authorized conclusion, even though with bad intentions, does not result in liability. Some form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, must be shown.

*Read v. Carpenter*, No. 95C-03-171, 1995 WL 945544, at * 6 (Del. Super. June 8, 1995).

In the present case, Terrell's complaint merely recites the elements of an abuse of process claim. Indeed, the complaint avers that the defendants "instituted civil and criminal proceedings against [Terrell] for an improper and wrongful purpose[,]" and "committed a willful act in the use of

---

actions.

11

the system not proper in the regular conduct of legal proceedings." (D.I. 1 ¶¶ 44-45.) Such brief and conclusory assertions without supporting allegations fail to sufficiently plead a claim of abuse of process. Thus, the court will grant the defendants' motion to dismiss Terrell's abuse of process claim.

## V. CONCLUSION

For the aforementioned reasons, the court will grant in part and deny in part the defendants' motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6). The court will grant the defendants' motion to dismiss the plaintiff's Title IX claim against Williams, official capacity section 1983 claims, substantive due process claim against Williams in his individual capacity, and abuse of process claim. The court will deny the defendants' motion to dismiss the plaintiff's Title IX claim against DSU and procedural due process claim against Williams in his individual capacity.

Dated: July 23, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAMISHA TERRELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. A. No. 09-464 (GMS) ) |
| DELAWARE STATE UNIVERSITY, and RON WILLIAMS, | ) ) ) |
| Defendants. | ) ) |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' Motion to Dismiss for Failure to State a Claim (D.I. 3) is GRANTED in part and DENIED in part. The motion is GRANTED with respect to the plaintiff's Title IX claim against Williams, official capacity section 1983 claims, substantive due process claim against Williams in his individual capacity, and abuse of process claim. The motion is DENIED with respect to the plaintiff's Title IX claim against DSU and procedural due process claim against Williams in his individual capacity.

Dated: July 23, 2010

CHIEF, UNITED STATES DISTRICT JUDGE